J-S17030-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
HOWARD ANTHONY STRAIT :
:
Appellant : No. 1076 WDA 2022

Appeal from the Judgment of Sentence Entered August 15, 2022
In the Court of Common Pleas of Bedford County Criminal Division at
No(s): CP-05-CR-0000475-2019

BEFORE: LAZARUS, J., OLSON, J., and KING, J.

MEMORANDUM BY OLSON, J.:                    **FILED: August 9, 2023**

Appellant, Howard Anthony Strait, appeals from the judgment of
sentence entered August 15, 2022, as made final by the denial of his
post-sentence motion on August 26, 2022. We affirm.

In April 2019, the Commonwealth charged Appellant with various
offenses relating to sexual assaults against three minor children. The matter
proceeded to a jury trial on December 13, 2021. The next day, the jury found
Appellant guilty of rape by forcible compulsion; rape of a child; statutory
sexual assault (two counts); aggravated involuntary deviate sexual
intercourse of a child ("IDSI"); aggravated indecent assault of a child;
unlawful contact with a minor; corruption of minors – drug use; corruption of
minors – as a sexual offense (three counts); endangering the welfare of a
child (three counts); and indecent assault without consent of other (four

counts).[1]  Thereafter, the trial court ordered the Adult Probation Office of Bedford County to prepare a presentence investigation report and the Pennsylvania Sexual Offenders Assessment Board ("SOAB") to determine whether Appellant met the criteria of a Sexually Violent Predator ("SVP").  On August 15, 2022, the trial court conducted a joint SVP and sentencing hearing. Ultimately, the trial court held that the Commonwealth presented clear and convincing evidence that Appellant met the criteria for designation as an SVP and a Tier III registrant under the Sexual Offender's Registration and Notification Act ("SORNA").[2]  The trial court also sentenced Appellant to an aggregate term of 36 to 114 years' imprisonment.  Appellant filed a post-sentence motion on August 23, 2022, which the trial court denied on August 26, 2022.  This timely appeal followed.

On appeal, Appellant raises the following issues:[3]

1. Did the [trial] court abuse its discretion by imposing a manifestly excessive and unreasonable sentence?

2. Did the [trial] court commit reversible error in finding that Appellant [met the criteria for designation as an SVP]?

Appellant's Brief at 2.

_____

[1] 18 Pa.C.S.A. §§ 3121(a)(1); 3121(c); 3122.1(a)(1); 3123(b); 3125(b); 6138(a)(1); 6301(a)(1)(i); 6301(a)(1)(ii); 4304(a)(1); and 3126(a)(1), respectively.

[2] 42 Pa.C.S.A. §§ 9799.10 to 9799.41.

[3] We have reordered Appellant's issues to correspond to the argument sections included in his brief.

In his first issue, Appellant raises a challenge to the discretionary aspects of his sentence. Before we may conduct a merits analysis of Appellant's challenge, we must determine whether he properly invoked this Court's jurisdiction. *See Commonwealth v. Luketic*, 162 A.3d 1149, 1159-1160 (Pa. Super. 2017) ("Only if the appeal satisfies [a four-part test] may we proceed to decide the substantive merits of [an a]ppellant's claim.")

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [*see*] 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (citations omitted).

Instantly, Appellant filed a timely notice of appeal, properly preserved his claim by filing a post-sentence motion, and included a Rule 2119(f) statement in his brief. *See* Appellant's Brief at 18-21. Thus, we turn to whether he raised a substantial question. A substantial question is raised by demonstrating that the trial court's actions were inconsistent with the Sentencing Code or contrary to a fundamental norm underlying the sentencing process. *Commonwealth v. Bonner*, 135 A.3d 592, 603 (Pa. Super. 2016). This issue is evaluated on a case-by-case basis. *Id.* This Court will not look beyond the statement of questions involved and the prefatory Rule 2119(f)

statement to determine whether a substantial question exists. *Commonwealth v. Radecki*, 180 A.3d 441, 468 (Pa. Super. 2018) (citation omitted). Moreover, for purposes of determining what constitutes a substantial question, "we do not accept bald assertions of sentencing errors," but rather require an appellant to "articulat[e] the way in which the court's actions violated the sentencing code." *Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. 2006).

Herein, Appellant argues first that the trial court abused its discretion because his "aggregate sentence of 36 to 114 years' imprisonment appears on its face to be excessive and patently unreasonable." Appellant's Brief at 10. In addition, Appellant argues that the trial court failed to consider mitigating factors, such as his lack of criminal record, as required. *Id*. This Court previously stated:

> Generally, Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion ordinarily does not raise a substantial question." *Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa. Super. 2011). *See Commonwealth v. Hoag*, 665 A.2d 1212 (Pa. Super. 1995) (stating an appellant is not entitled to a "volume discount" for his crimes by having all sentences run concurrently). In fact, this Court has recognized "the imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Commonwealth v. Lamonda*, 52 A.3d 365, 372 (Pa. Super. 2012) (*en banc*) (citation omitted). That is "in our view, the key to resolving the preliminary substantial question inquiry is whether the decision to sentence

- 4 -

consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." ***Prisk***, 13 A.3d at 533 [(quotation omitted)].

***Commonwealth v. Austin***, 66 A.3d 798, 808–809 (Pa. Supe. 2013). Moreover, "this Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." ***Commonwealth v. Cannon***, 954 A.2d 1222, 1229 (Pa. Super. 2008); ***see Commonwealth v. Velez***, 273 A.3d 6, 10 (Pa. Super. 2022) (noting that the "weight accorded to the mitigating factors or aggravating factors presented to the sentencing court is within the [sentencing] court's exclusive domain.").

In this instance, the jury found Appellant guilty of 18 separate offenses, involving three different minor victims. Additionally, the trial court "imposed [Appellant's] sentences in the standard range of the sentencing guidelines, running only the most serious against each of the victims consecutively." Trial Court Opinion, 11/4/22, at 1-2. Hence, by "seeking a reduction in his aggregate sentence, Appellant is seeking a further 'volume discount'" which is impermissible. ***Austin***, 66 A.3d at 809; ***see also Commonwealth v. Gonzalez-DeJesus***, 994 A.2d 595, 599 (Pa. Super. 2010) (holding that, because the appellant was "involved, on separate dates, in a robbery of two individuals, and then a kidnapping of two individuals," his claim did not "ring of raising a substantial question" because he was not entitled to a "'volume discount.'"). In light of the number of victims, as well as the criminal conduct

at issue, we conclude that the trial court's imposition of consecutive sentences, resulting in an aggregate sentence of 36 to 114 years' incarceration, does not present a substantial question. *See Prisk*, 13 A.3d at 533 (holding that the appellant's conviction of 314 counts relating to the sexual abuse of his stepdaughter, resulting in the imposition of an aggregate sentence of 633 to 1,500 years' incarceration did not present a substantial question). "Simply put, this is not a case where the trial court's exercise of discretion resulted in a sentence that is 'grossly disparate to [Appellant's] conduct [or] viscerally appear as patently unreasonable." *Austin*, 66 A.3d at 809 (quotation omitted). Moreover, Appellant's claim that the trial court failed to adequately consider mitigating factors, *i.e.*, his lack of criminal record, fails to give rise to a substantial question. Indeed, our case law is clear that claims of inadequate consideration of mitigating factors do not raise a substantial question. *See Commonwealth v. Crawford*, 257 A.3d 75, 79 (Pa. Super. 2021); *see also Commonwealth v. Velez*, 273 A.3d 6, 10 (Pa. Super. 2022) (noting that the "weight accorded to the mitigating factors or aggravating factors presented to the sentencing court is within the [sentencing] court's exclusive domain."). As Appellant did not raise a substantial question, we will not review the merits of his discretionary sentencing claim.

In his second issue, Appellant challenges the trial court's SVP determination. It is unclear, however, whether Appellant is raising a weight-of-the-evidence or a sufficiency challenge. Indeed, in the argument section of his brief, Appellant argues that the court's SVP determination was

not "supported by clear and convincing evidence" and cites to this Court's previous decision in **Commonwealth v. Aumick**, 2022 WL 533997 (Pa. Super. 2022),[4] which dealt with a challenge to the sufficiency of the evidence for an SVP determination. In developing his claim, however, Appellant references

> 22 character letters, many of which were written by people who have known Appellant for most of their lives, and many of which expressed dismay at the charges lodged against him, their belief that the victims were being dishonest, and how much their children love and miss spending time with Appellant.

Appellant's Brief at 15. Appellant claims that these letters "should, at a minimum, have caused hesitancy." **Id.** In addition, Appellant challenges the testimony of the Commonwealth's expert, William G. Allenbaugh, II, claiming that his testimony should be discounted because he "relied exclusively on documents submitted by third parties," instead of, *inter alia*, interviewing Appellant, administering tests to Appellant, and interviewing or reviewing the testimony of the victims. **Id.** at 16. Appellant asserts that the aforementioned omissions may not be dispositive, but "weigh in favor" of reversing Appellant's SVP determination. **Id.** This language, therefore, rings as a challenge to the weight-of-the-evidence. We will therefore address both potential challenges to Appellant's SVP determination.

---

[4] This decision was withdrawn and subsequently superseded by **Commonwealth v. Aumick**, 2023 WL 3939850, *1 (Pa. Super. 2023) (*en banc*).

We first address Appellant's claim that the trial court's SVP determination was against the weight-of-the-evidence. Where an appellant claims that an SVP determination is against the weight of the evidence, we apply the following standard:

> Our standard of review of a weight of the evidence claim is for an abuse of discretion. Appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion. Indeed, it is oft-stated that the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings. We discern no basis on which to distinguish our standard of review on weight claims, whether challenging the weight of the evidence to support a guilty verdict or a trial court's SVP determination. A defendant must put the issue before the trial court in the first instance because it is not the function of the appellate court to substitute its judgment based on a cold record for that of the trial court. The weight to be accorded conflicting evidence is exclusively for the fact finder, whose findings will not be disturbed on appeal if they are supported by the record.

*Commonwealth v. Ratushny*, 17 A.3d 1269, 1272 (Pa. Super. 2011) (internal citations and quotation marks omitted).

As suggested by the foregoing, a challenge to the weight of the evidence must be initially raised before the trial court. Appellant, however, failed to raise a weight challenge to his SVP determination orally during the August 15, 2022 hearing. *See* Pa.R.Crim.P. 607(A)(1) (explaining that a "claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial[] orally, on the record, at any time before sentencing"); *see also* N.T. Hearing, 8/13/22, at 1-85. Furthermore,

Appellant's post-sentence motion did not frame his challenge to his SVP determination in terms of a weight-of-the-evidence claim. To the contrary, Paragraph 4(A) of Appellant's post-sentence motion simply states: "The [trial court] erred in finding that [Appellant] is a [SVP]." Appellant's Post-Sentence Motion, 8/23/22, at *1 (unpaginated). As such, we deem Appellant's challenge waived. *See Ratushny*, 17 A.3d at 1272 (holding that the appellant waived his weight-of-the-evidence challenge to the trial court's SVP determination because he did not raise his claim in a post-sentence motion).

We now review Appellant's challenge to the sufficiency of the evidence supporting his SVP determination. Our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Meals***, 912 A.2d 213, 218 (Pa. 2006).

> The determination of a defendant's SVP status may only be made following an assessment by the [SOAB] and [a] hearing before the trial court. In order to affirm an SVP designation, we, as a reviewing court, must be able to conclude that the fact-finder found clear and convincing evidence that the individual is a sexually violent predator. As with any sufficiency of the evidence claim, we view all evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth[, as the prevailing party on this issue]. We will reverse a trial court's determination of SVP status only if the Commonwealth has not presented clear and convincing evidence that each element of the statute has been satisfied.

***Commonwealth v. Fuentes***, 991 A.2d 935, 941-942 (Pa. Super. 2010) (en banc) (citation omitted), *appeal denied*, 12 A.3d 370 (Pa. 2010). The clear and convincing standard governing a determination of SVP status "requires evidence that is so clear, direct, weighty, and convincing as to enable the

trier[-]of[-]fact to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue." ***Meals***, 912 A.2d at 219 (citation, original quotation marks, and original brackets omitted).

Section 9799.12 of SORNA defines the term "sexually violent predator" as,

> [a]n individual who committed a sexually violent offense on or after December 20, 2012, for which the individual was convicted, [] who is determined to be a [SVP] under section 9799.24 (relating to assessments) due to a mental abnormality or personality disorder that makes the individual likely to engage in predatory sexually violent offenses.

42 Pa.C.S.A. § 9799.12; ***see also Commonwealth v. Butler***, 226 A.3d 972, 992 (Pa. 2020) (stating, an SVP, in addition to having been convicted of a sexually violent offense, is a person "who [has] been individually determined to suffer from a mental abnormality or personality disorder such that they are highly likely to continue to commit sexually violent offenses"). A "sexually violent offense" is defined by SORNA as "[a]n offense specified in section 9799.14 (relating to sexual offenses and tier system) as a Tier I, Tier II[,] or Tier III sexual offense committed on or after December 20, 2012, for which the individual was convicted." 42 Pa.C.S.A. § 9799.12. "Predatory" is defined by SORNA as "[a]n act directed at a stranger or at a person with whom a relationship has been initiated, established, maintained or promoted, in whole or in part, in order to facilitate or support victimization." ***Id***.

Under Section 9799.24 of SORNA, after a defendant is convicted of a sexually violent offense but before sentencing, the trial court shall order the

SOAB to conduct an "assessment of the individual to determine if the individual should be classified as a [SVP.]" 42 Pa.C.S.A. § 9799.24(a) and (b). In performing its assessment, the SOAB examines, *inter alia* the following:

(1) Facts of the current offense, including:

(i) Whether the offense involved multiple victims.

(ii) Whether the individual exceeded the means necessary to achieve the offense.

(iii) The nature of the sexual contact with the victim.

(iv) Relationship of the individual to the victim.[5]

(v) Age of the victim.

(vi) Whether the offense included a display of unusual cruelty by the individual during the commission of the crime.

(vii) The mental capacity of the victim.

(2) Prior offense history, including:

(i) The individual's prior criminal record.

(ii) Whether the individual completed any prior sentences.

(iii) Whether the individual participated in available programs for sexual offenders.

(3) Characteristics of the individual, including:

(i) Age.

(ii) Use of illegal drugs.

(iii) Any mental illness, mental disability or mental abnormality.

(iv) Behavioral characteristics that contribute to the individual's conduct.

(4) Factors that are supported in a sexual offender assessment field as criteria reasonably related to the risk of reoffense.

42 Pa.C.S.A. § 9799.24(b)(1-4).

Herein, Appellant takes issue with the testimony of the Commonwealth's expert, William G. Allenbaugh, II. He argues that the trial court erred in relying upon his testimony and finding by clear and convincing evidence that Appellant is an SVP because Allenbaugh's relied "on documents submitted by third parties," failed to interview or administer tests to Appellant, and did not interview or otherwise review the testimony of the victims. Appellant's Brief at 16.

In a recent decision, however, this Court explained the type of evidence an SOAB member is permitted to consider when testifying at an SVP hearing. We stated:

> Pursuant to revised Subchapter H, the SOAB must undertake a comprehensive assessment of a defendant convicted of a sexually violent offense by considering the fifteen factors set forth in section 9799.24(b)(1)-(4). ***See id.*** § 9799.24(b)(1)-(4). Section 9799.24(c) expressly requires that "[a]ll State, county and local agencies, offices and entities in this Commonwealth, including juvenile probation officers, shall cooperate by providing copies of records and information as requested by the board in connection with the court-ordered assessment[.]" 42 Pa.C.S.A. § 9799.24(c) (emphasis [omitted]). Moreover, within ninety days of a defendant's qualifying conviction, the SOAB must prepare a written report regarding its assessment which includes, at a minimum, the following information: (1) a concise narrative of the individual's conduct; (2) whether the victim was a minor; (3) the manner of weapon or physical force used or threatened; (4) if the offense involved unauthorized entry into a room or vehicle occupied by the victim; (5) if the offense was part of a course or pattern of conduct involving multiple incidents or victims; and (6) previous instances in which the individual was

determined guilty of an offense subject to this subchapter or of a crime of violence as defined in section 9714(g) (relating to sentences for second and subsequent offenses). ***Id.*** § 9799.24(d), (d.1).

Given these statutory mandates, it is clear that the legislature intended that the SOAB member consider more than the limited facts included in a plea colloquy, and that the SOAB member undertake to review and consider the information contained in records provided by state, county and local agencies, offices and entities in this Commonwealth when making an SVP assessment and preparing a statutorily compliant written report. To be sure, it would be the rare occasion on which the SOAB member would be able to fulfill its statutory obligations if its SVP assessments and written reports were limited to facts contained in a plea colloquy, admitted into evidence, or determined by the trier of fact.

***Aumick***, 2023 WL 3939850 at *8 (footnote omitted).

Herein, we conclude that Appellant's contention that Allenbaugh's testimony was patently flawed because he did not interview Appellant or the victims in this matter and, instead, relied upon documentation "submitted by third parties" is at odds with our decision in ***Aumick***. Appellant's Brief at 16. First, upon review, it is apparent that Allenbaugh based his opinion upon his review of the SOAB investigation report, submitted by the SOAB investigator, pursuant to 42 Pa.C.S.A. § 9799.24 (d.1). ***See*** N.T. Hearing, 8/15/22, at 15. Per ***Aumick***, Allenbaugh's review of this information was not only permissible, it was required. Second, Appellant's claim regarding Allenbaugh's failure to interview him or the victims in this matter is, in essence, an invitation "to this Court to reweigh the evidence and find in his favor, which we cannot do."[5]

---

[5] Appellant declined to be interviewed. ***See*** N.T. Hearing, 8/15/22, at 15.

*Aumick*, 2023 WL 3939850 at 9; *see also Fuentes*, 991 A.2d at 945 (Pa. Super. 2010) (holding that the appellant's challenge to the documentation considered by the SOAB expert "affect[ed] the weight, and not the sufficiency of the expert's evidence"). Accordingly, we conclude that Appellant's challenge to Allenbaugh's expert testimony lacks merit.

Moreover, we conclude that the trial court did not err in determining that the Commonwealth presented clear and convincing evidence that supports a finding that Appellant is an SVP. At the August 15, 2022 hearing, the trial court set forth the basis for its conclusion as follows:

> So, on review of [] Allenbaugh's testimony he testified as a credible witness on it. Obviously, he has testified as an expert before. We [have] admitted him as an expert in his field for today's purposes as well. So, the standard here is by clear and convincing evidence. And this [c]ourt has to find that, one, [Appellant] was convicted of an enumerated offense in 9799, Section 9799.12. Clearly, he has. So, he qualifies for the SVP hearing and the assessment. And then we have to find by clear and convincing evidence that whether or not due to a mental abnormality or personality disorder that makes the individual likely to engage in predatory sexually violent sexual offenses. I find based on the testimony given by [] Allenbaugh and my, also in my own assessment of the evidence in the case I find that the Commonwealth has proven that by clear and convincing evidence.
>
> Here as we go down the factors the numbers, the number of the victims weighs very heavily here. Here we have not one victim, not two victims, but three victims. [] Allenbaugh did indicate that there were four victims in the case. He seemed to be operating, and this happens sometimes during trials like this where the SOAB investigator reports some information that did [not] make it to trial. So, I am cognizant of that fact.
>
> So, he did indicate there were four victims. There were actually only [three] at trial. So, let me get that out in the open. I [am] only operating on the evidence that was presented here at trial

such that it overlaps with [] Allenbaugh's assessment, and what he testified to. But there were [three] victims that testified at trial. So, there [were] multiple victims here that were sexually abused. The age of the victims weighs very heavily here. He had the age ranges of [nine] to, either [nine] to 12 or [nine] to 13. Again, I think perhaps he [is] taking into account the fourth alleged victim that was never produced at trial.

My review of the testimony, from my notes, and I believe from the transcripts is that the age ranges for the [three] victims that testified is 10 to 12. Regardless, even if it is 10 to 12, the age of the victims here is very young. So, also the nature of those victims that they were prepubescent in nature at the time of the sexual abuse. So, both the age and also they were prepubescent. Sorry.

In addition to that the acts of the, committed against the victims here ranging from sexual intercourse to IDSI to [a]ggravated [i]ndecent [a]ssault on the one victim. And taking also into account, I agree with [] Allenbaugh it, it [is] further victimization and predatory behavior to use drugs to entice, either entice, or make it easier to victimize the victims that were involved here. In addition of that the length of the sexual relationship between the [Appellant] and the victims here. It did not occur just once. It occurred over a range of time. Given their testimony over at least a couple of years. Again[,] from their ages being 10 to 12. So, that [is] the key evidence in my mind that shows that he does suffer from mental abnormality in the way of pedophilia because these were prepubescent children that he was offending. And that it does make him likely to engage in predatory sexually violent offenses because of all the information that I just went over there.

I understand the defense counsel's argument, it [is] not dispositive that here against the SVP hearing that he did [not] interview [Appellant]. If that were the case we could, you know, the defendant could just basically stonewall the proceedings and not participate in an interview, and then we could never find an SVP. So, that [is] not dispositive. It [is] also not dispositive that he did [not] have any prior record. I mean I think your argument is it is relevant. I mean that [is] relevant because it's a factor. But it [is] certainly not dispositive here given what the testimony was at the trial, and what the jury convicted him of. So[,] based on the information I just went over there I do find by clear and convincing evidence that

> [Appellant] does meet the definition of a [SVP] as its defined under Pennsylvania law.

N.T. Hearing, 8/15/22, 47-51.  Viewing the evidence in the light most favorable to the Commonwealth, as the prevailing party, we concur with the trial court that there was sufficient clear and convincing evidence to designate Appellant as an SVP.  As such, Appellant's sufficiency claim fails.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/9/2023